IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bank of America, N.A., | ) | C/A No. 5:15-99-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| James W. Wright, Corporate Person Wright, | ) | |
| James Weatherford in Propria Persona, et al, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

James W. Wright filed a notice of removal which purports to remove Civil Action No. 2012-CP-38-962 from the Orangeburg County Court of Common Pleas. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the pleadings in accordance with applicable law, the court concludes that this case should be remanded to the state court for lack of subject matter jurisdiction.

Wright purports to remove a state foreclosure action associated with property located at 7460 North Road, North, South Carolina. (ECF No. 1 at 1.) Wright argues in his notice of removal that the foreclosure should be considered unconstitutional, unless "Title 12 USC" has been ratified. (Id. at 2.)

As an initial matter, Wright purports to remove the instant foreclosure action from state court based on federal question jurisdiction. (ECF No. 1 at 1-2.) When a case is removed on the basis of federal question jurisdiction, all properly joined and served defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). While Wright lists himself as the sole defendant in the underlying state foreclosure action on his notice of removal, a state court document submitted by Wright indicates that there are three other defendants named in the state court action.



(ECF No. 1-2 at 2.)  However, Wright provides no indication that the other defendants have consented to the removal of this case from state court.  (ECF No. 1.)  Thus, Wright has failed to comply with this provision of the removal statute.  See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006) (holding that the failure of all defendants to join in the removal petition constituted an error in the removal process); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM, 2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013) (order adopting and incorporating report and recommendation for remand of foreclosure action due to lack of jurisdiction and because not all defendants joined in the notice of removal).

Moreover, the instant case would be subject to remand even if this statutory requirement were met.  Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction.  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there.  See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002).  However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

The Supreme Court has commanded that, when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has



defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotations and citations omitted).  In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D.W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

It is well-settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule).  Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law.  Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). In the present case, Wright seeks to remove a state law foreclosure action.  However, no federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp. 2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014) (collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013) (adopting report and recommendation remanding foreclosure case to state court).  Additionally, to the extent Wright attempts to raise a defense to the foreclosure action based on a federal statue or constitutional amendment, such defenses do not establish jurisdiction.  See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804,  808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").  Because removal of this



case under federal question jurisdiction is improper and no other basis of jurisdiction is apparent from the Complaint, the matter should be remanded to state court.

Accordingly, the court recommends that the district judge remand this matter to state court.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 16, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).